## Levi Frey, Plff. in Err., v. Gottleib Gessley et al.

Where a son who was insolvent executed to his father, to whom he was indebted, a bill of sale of leasehold premises with the understanding that the property should revert to himself when his father's debt was paid out of the rents, the transaction was a legal fraud on the son's creditors and as such void.

(Argued February 14, 1888.   Decided March 5, 1888.)

January Term, 1887, No. 39. E. D., before GORDON, Ch. J., PAXSON, STERRETT, GREEN, CLARK, and WILLIAMS, JJ.   Error to the Common Pleas of Schuylkill County to review a judgment in favor of the defendants in an action of ejectment. Affirmed.

This action was brought by Levi Frey against Gottleib Gessley, Nathaniel Shaub, and William Young, to recover possession of a lot of ground and house thereon erected.

At the trial before GREEN, J., the following facts appeared: The lot in dispute was a leasehold property which by various conveyances had vested in Elias Frey, son of Levi Frey, the plaintiff.   In 1880 Elias Frey was indebted to his father for $346, for money loaned.   He was also indebted to the defendant in the sum of $384.   October 14, 1880, Elias Frey executed a bill of sale for the leasehold property, absolute on its face and purporting to convey all his right, title, and interest in the property to Levi Frey.   At the time the bill of sale was executed a parol agreement was made that when Levi Frey should have paid himself out of the rents the full amount of his debt, then the property should revert to Elias.   The evidence showed that

NOTE.—For fraudulent transfers between parent and child, see note to Landis v. Neff, 7 Sad. Rep. 127.

the financial embarrassment of Elias was known to Levi when the bill of sale was made. The same day a lease of the premises was made by Levi to Elias. October 5, 1880, the defendants obtained a judgment against Elias Frey. A fi. fa. was issued on the judgment and the premises were sold to Gottleib Gessley for $300. The plaintiff notified the sheriff of his claim and warned bidders at the sale.

The plaintiff asked the court to charge as follows:

1. That the note dated January 1, 1877, given by Elias Frey to Levi Frey, with the interest thereon, and the $50 loaned, which made the $346, the consideration in the bill of sale, merged in the higher security of the bill of sale, and on and after the 14th of October, 1880, were extinguished, and the debt which was before represented by the note, etc., was thereafter represented by the bill of sale, and the bill of sale is now the only evidence which Levi Frey has to show, what Elias Frey was indebted to him on the 14th of October, 1880.

*Ans.* Refused. 1

2. That a leasehold estate is not within the recording acts, and it is not necessary to record the same, to make conveyances good against subsequent purchasers under execution process; and the grantor may remain in possession of said leasehold premises after his sale of his interest in said leasehold premises; and such possession of itself is no evidence of fraud between him and his grantee.

*Ans.* Refused. 2

3. That all conveyances of real estate or of leasehold estates, whatever the form of such conveyances may be, accompanied by a right of redemption, by the payment of the consideration for such conveyance by the grantor, are in fact mortgages. And such conveyances are none the less mortgages because they purport to convey absolutely the whole title and interest of the grantor without any condition inserted therein, allowing the grantor to redeem upon paying the consideration of said conveyances, and the rule is "Once a mortgage, always a mortgage."

*Ans.* Refused. 3

4. That on the 14th of October, 1880, when this bill of sale was made, there was no law requiring defeasances to be in writing, and if the plaintiff received the bill of sale as a security

for his debt of $346, and was to hold the house, until the rents from the same paid the debt, and then the house in controversy was to revert to Elias Frey the grantor, the bill of sale with the agreement not reduced to writing, was but one and the same thing, and was simply a mortgage; and the fact that the bill of sale was on its face an absolute conveyance of the house in controversy, can not be used separate from the accompanying agreement either to establish a sale, or other indefeasible right by Elias Frey or the defendants, who can claim only through Elias Frey.

*Ans.* Refused. 4

5. That as the house in question was built upon leased ground, it was what is called a chattel real. That the same is not subject like real estate to the liens of judgments; and hence the defendants, Gessley *et al.,* had no lien upon this house in question on the 14th of October, 1880, by virtue of the verdict of the 5th of October, 1880; and the said Elias Frey, could on the 14th of October, 1880, convey said house and leasehold or mortgage the same to pay, or secure his just debts, to his father or any other creditor. In Pennsylvania a debtor has the right to prefer one creditor, in preference to others, either by a sale or mortgage of his chattels real, and such preferences are sanctioned by law, and it is no objection to such conveyances, that the creditor knew that the debtor was in debt to other people.

*Ans.* Refused. 5

6. That if the jury believe that Elias Frey on the 14th of October, 1880, was in debt to Levi Frey $346 (and there is no evidence to contradict Levi Frey, Elias Frey, and L. D. Haughawout, who have testified to this amount as due from Elias Frey to Levi Frey for borrowed money); and if they believe that the bill of sale was made to secure this sum, and upon its payment the property was to revert to the grantor,—then the defendants, by the sheriff's sale and purchase, had acquired only a right of redemption, which Elias Frey had, and they would have no right to take the possession of the property in dispute away from the plaintiff until they paid every cent due and owing to the plaintiff, and the verdict of the jury under this state of facts should be for the plaintiff.

*Ans.* Refused. 6

The court directed a verdict for defendants. 7

Verdict and judgment for defendants.

The assignments of error specified: (1-6) The refusal of plaintiff's points; and (7) the action of the court in directing a verdict for the defendants.

*L. D. Haughawout* and *James Ryon,* for plaintiff in error.— A mortgage of personal chattels with the delivery of possession either actual or symbolical, or such as the nature and the circumstances of the property will admit of, is good both between the parties and against the mortgagor's creditors. This is the rule as to mere personal chattels. Clow v. Woods, 5 Serg. & R. 275, 9 Am. Dec. 346; Boyle v. Rankin, 22 Pa. 168; Kater v. Steinruck, 40 Pa. 501; Fry v. Miller, 45 Pa. 441; Coble v. Nonemaker, 78 Pa. 501; Bismark Bldg. & L. Asso. v. Bolster, 92 Pa. 123.

In a contest between the assignee, of the lessee of a lease for years, and a purchaser at sheriff's sale of the leasehold premises by a creditor of the lessee, in an action of ejectment, it was held that leases for years, under twenty-one years, accompanied by possession by the lessee, need not be recorded, nor assignments of such leases. Williams v. Downing, 18 Pa. 60; Bismark Bldg. & L. Asso. v. Bolster, 92 Pa. 123.

The learned court below directed a verdict for the defendants, under the authority of Passmore v. Eldridge, 12 Serg. & R. 198. That was the case of an assignment absolute, of personal goods and chattels, with a secret agreement that the assignor should have released to him a portion of the proceeds of the sale of the goods. The court, even in that case, did not take the case from the jury, but submitted the facts to them to find under instructions given. The question was one of fraud in fact, arising under the statute of 13 Eliz., was so held by the court, and the question of the fraudulent intent was necessarily for the jury.

Where a debtor owes two parties one of them may accept payment of his debt in anything of value he may get, although he knows that the debtor owes the other party and cannot pay both. Hopkins v. Beebe, 26 Pa. 85; Lloyd v. Williams, 21 Pa. 327.

Although the defendants are in failing circumstances, yet they have the right to secure a bona fide debt by judgment, although other creditors may be defeated thereby; and the ques-

tions as to the validity of the debt are for the jury. Keen v. Kleckner, 42 Pa. 529.

The effect of such preference may be to delay a creditor not preferred, in fact to prevent his obtaining payment at all; but if the motive, the honest intent, was to pay the preferred debt, the transaction is not invalidated by statute. York County Bank v. Carter, 38 Pa. 453, 80 Am. Dec. 494.

Whenever the fraud is apparent upon the face of an instrument it is a question of fraud in law, and there is nothing for a jury to pass upon.

Where the instrument, however, appears to be fair, and its validity depends upon extrinsic evidence, the question must be submitted to the jury to determine, as a matter of fact, whether it is fraudulent or not. Bump, Fraud. Conv. 362; Shontz v. Brown, 27 Pa. 123; Loucheim Bros. v. Henszey, 77 Pa. 308; Craver v. Miller, 65 Pa. 457; Ferris v. Irons, 83 Pa. 179; Johnson v. Curtis, 42 Barb. 588; Ford v. Williams, 24 N. Y. 359.

Where the transaction, although suspicious, is capable of a construction consistent with fairness, and the absence of fraud, it must be passed upon by a jury. Ford v. Williams, 24 N. Y. 364; Smith v. Acker, 23 Wend. 653; Butler v. Van Wyck, 1 Hill, 438.

The consideration in a conveyance is suceptible of explanation by parol. The true consideration may be shown, although the consideration named may be of money. McKinster v. Babcock, 26 N. Y. 378; Shirras v. Caig, 7 Cranch, 34, 3 L. ed. 260.

It may be shown by parol that the consideration named in a judgment or mortgage was in whole or in part for note or mortgage, and in part for future advances. Lawrence v. Tucker, 23 How. 14, 16 L. ed. 474; Truscott v. King, 6 N. Y. 147; Bank of Utica v. Finch, 3 Barb. Ch. 293.

Where a conveyance of land is made as security to a creditor, although it is absolute on its face, it is not therefore a fraudulent conveyance, either as regards the grantee or other creditors. Rigney v. Tallmadge, 17 How. Pr. 556.

We have looked in vain in Pennsylvania and other states to find a case where a mortgage given to secure an honest debt was ever declared fraudulent, and no cases exist except where a bankrupt law has intervened to so determine it. In our own state we have innumerable cases of absolute deeds having been

declared mortgages by parol evidence, and many cases where the mortgagors were largely indebted (Danzeisen's Appeal, 73 Pa. 65; Sweetzer's Appeal, 71 Pa. 265; Harper's Appeal, 64 Pa. 315); but in no case in Pennsylvania has it ever been ruled that such a mortgage was any the less a mortgage as between the parties or as to creditors, because the condition of defeasance was not expressed in the deed.

If such a mortgage would be fraudulent as to creditors, it would bind the parties to the fraud and hence would be treated, as between the parties or as to creditors, as an absolute conveyance. The law would leave the parties where they put themselves. See also Rahn v. M'Elrath, 6 Watts, 151; and Williams v. Downing, 18 Pa. 60.

No man bids for either freehold or leasehold without having investigated the qualities and value of the property. Sowers v. Vie, 14 Pa. 99; Titusville Novelty Iron Works' Appeal, 77 Pa. 103; Christie's Appeal, 85 Pa. 466.

*J. W. Roseberry* and *George M. Roads*, for defendants in error.—A transfer of personal property which creates a trust, whether secret or avowed, in favor of the grantor, renders the transaction fraudulent and void in legal contemplation, even though there may be mingled with it provisions in favor of preferred creditors. Shaffer v. Watkins, 7 Watts & S. 219; Passmore v. Eldridge, 12 Serg. & R. 201; M'Culloch v. Hutchinson, 7 Watts, 434, 32 Am. Dec. 776; Connelly v. Walker, 45 Pa. 449; Bentz v. Rockey, 69 Pa. 77.

A transfer of property between father and child, when the seller is indebted, and more especially if he is in danger of immediate execution, naturally arouses suspicion of fraud, and adds to the weight of other evidence tending to prove it. Forsyth v. Matthews, 14 Pa. 100, 52 Am. Dec. 522.

The father could not be a bona fide purchaser if he combined with the son to place the property beyond the reach of the son's creditors. If the sale was for the purpose of hindering, delaying or defrauding creditors, it is not protected against execution. Kaine v. Weigley, 22 Pa. 179; Kepner v. Burkhart, 5 Pa. 478.

If the bill of sale was made with intent to hinder, delay, or defraud creditors, it is not bona fide, although made for a full consideration. Zerbe v. Miller, 16 Pa. 497; Bunn v. Ahl, 29 Pa. 388, 72 Am. Dec. 639.

A chancellor will not decree a deed absolute on its face to be a mortgage, on proof of the mere verbal declaration of the parties; but facts and circumstances must be shown inconsistent with the idea of an absolute sale. The debt must survive. It is not enough that the evidence of it remains in the grantee's hands if the liability is gone. Todd v. Campbell, 32 Pa. 250.

Per Curiam:

Nothing is clearer than that the transaction between the Freys, father and son, however it may have been in intention, was, as to creditors, a constructive fraud. The son was insolvent, and the sale was made for the father's security, with the arrangement, according to the plaintiff's own testimony, that when he got his money out of the property it was "to fall back to his son." On all authority this was a legal fraud, and the court properly so held.

The judgment is affirmed.